WARREN J. APPLETON *vs.* CATHERINE M. O'DONNELL,
administratrix.

Suffolk.    March 13, 1899. — May 19, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Lease — Surrender — Eviction — Exceptions.*

A person, who has occupied and paid rent for premises under a written lease, can-
not defend against a claim for rent, on the ground that the lease is void for
uncertainty in the description of the premises.

If a lessee of a portion of premises marked off by a partition assigns the lease,
contrary to the covenant contained in it and without the lessor's consent, to A.,
to whom afterwards the lessor sublets a strip on his own side of the partition
and moves the partition so as to include the strip let to A. with that let to the
original lessee and assigned to A., who pays rent separately for the new strip,
the bills for the rent of the part formerly let being made out as they always
have been, A. not being recognized in them, these facts do not constitute a
surrender or an eviction.

An exception to the refusal to rule that, upon all the evidence in the case, the act
of a third person did not bind the defendant, is disposed of by the fact that all
the evidence is not reported in the bill of exceptions.

APPEAL from the decision of commissioners appointed by the
Probate Court to receive and examine the claims of creditors of
the insolvent estate of Michael T. F. O'Donnell, deceased in-
testate, disallowing a claim for rent of certain premises in Bos-
ton.    Trial in the Superior Court, without a jury, before *Stevens,*
J., who allowed the claim ; and the appellee alleged exceptions,
which appear in the opinion.

*J. J. Douglass,* for the appellee.

*M. Coggan,* for the appellant, submitted the case on a brief.

HOLMES, J.    This is a claim against the insolvent estate of a
deceased person for rent, taken by appeal from commissioners
appointed by the Probate Court to the Superior Court, and now
brought here on exceptions.    The principal exceptions are to the
admission of the sublease to the deceased person, one Michael
T. F. O'Donnell, and to a refusal to rule that it was void for
uncertainty.    The sublease was of "part of the third story and
attic over same " in an identified building.    On October 1, 1892,
the date of the sublease, O'Donnell already was occupying a part

of the third story, marked off by a partition, together with the attic over the third story, and he continued to occupy them, and paid rent according to the lease, until his death. His administratrix occupied and paid rent in like manner afterwards. The claim is for rent during the year 1897 until the end of the lease in October of that year. Under these circumstances, it is not necessary to consider whether the uncertainty of the words is helped by the fact of occupation at the time, so far as to make the instrument a good demise. O'Donnell kept possession under it, whether it was good or bad, and the covenant therefore is the measure of his liability to pay. He cannot take the benefit and repudiate his debt, upon the ground that the benefit was not conveyed to him in effectual terms. Even if the covenant did not bind as such, the law would imply a promise to pay at the rate expressed in the covenant. See *Buckworth* v. *Simpson*, 1 Cr., M. & R. 834. It follows that the deed was admissible, and the ruling asked was wrong, so far as it bore upon the present case. See further *Fuller* v. *Ruby*, 10 Gray, 285.

In December, 1893, the defendant, O'Donnell's administratrix, assigned the lease contrary to the covenant contained in it and without the plaintiff's, the sublessor's, consent, to one McHugh, to whom afterwards the plaintiff sublet a strip on the plaintiff's side of the partition which marked off the premises originally sublet, and the partition was moved so as to include the strip let to McHugh with that let to O'Donnell and assigned to McHugh. McHugh paid rent separately for the new strip, and the bills for the rent of the part formerly let were made out as they always had been, McHugh not being recognized in them. It is suggested that these facts constitute a surrender or an eviction. Argument cannot make it much clearer than it is upon a simple statement of the facts that there was nothing of either sort. There was nothing which looked like an assent of the plaintiff to letting the defendant give up the premises, or an attempt by the defendant to do so. The only thing which under any circumstances could suggest eviction, the change of the partition, seems to have been done at the request of the person who occupied the premises by the defendant's consent, and who as against her was the mouthpiece of her wishes to the plaintiff. The third request, that upon all the evidence McHugh's acts in changing the parti-

tion did not bind the defendant, is disposed of by the fact that all the evidence is not reported in the exceptions. But to put it at the lowest, there is nothing in the evidence reported to indicate that the act had any such hostile character or amounted to such an interference as to be an eviction, even if it did not appear that the defendant by implication had granted to McHugh the right to give her consent to the change.

*Exceptions overruled.*