### SAMUEL A. COHEN *vs.* ANTONIO LONGARINI.

Suffolk.    December 9, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions.    *Conversion.    Evidence,* Presumptions and burden of proof.

An exception to the refusal of a presiding judge to rule, that the plaintiff in an action of tort for an alleged conversion is entitled to recover the amount claimed in his declaration, cannot be sustained where the bill of exceptions does not purport to state all the material evidence.

At the trial of an action of tort against a constable for the alleged conversion of goods in a store, which the defendant attached as the property of one S., if the plaintiff testifies that the goods belonged and still belong to him, that he made a conditional sale of them to S. by the terms of which the title to the goods was to remain in the plaintiff until payment was made, that the plaintiff executed an absolute bill of sale to S. and placed it in escrow to be delivered when full payment had been made, that S. entered into possession of the store and conducted the business, that later the plaintiff took possession of the store and the goods in it for a breach of a condition of the sale and employed S. as his agent to run

the store thereafter, and that the plaintiff did not appear there himself except at rare intervals, and if the plaintiff admits that he had sold the store and there is testimony that S. had asserted that he was the proprietor of it, and S. himself admits that he was indebted to various New York firms and was a bankrupt, that he came to Boston at about the time he entered into possession of the store and that he was an entire stranger to the plaintiff, and if it appears that during the whole of the period under inquiry the business was conducted under an impersonal name which remained unchanged, this evidence would warrant a finding that the dealing of S. with the store as its owner represented his true relation to it, and accordingly the presiding judge should refuse to order a verdict for the plaintiff and should submit to the jury the question whether the plaintiff has sustained the burden of proof in showing that he was the owner of the goods at the time of their attachment as the goods of S.

TORT for the alleged conversion of two hundred and seven pairs of shoes of the value of $396.20, which the defendant as a constable attached as the property of one Henry Siegel. Writ in the Municipal Court of the City of Boston dated March 4, 1909.

On appeal to the Superior Court the case was tried before *De Courcy*, J. The evidence is described in the opinion. At the close of the evidence the plaintiff asked the judge to rule that on all the evidence the plaintiff was entitled to recover the amount claimed in his declaration. The judge refused to make this ruling, and submitted the case to the jury " with full instructions " to which no exception was taken. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. Charak*, for the plaintiff.

*W. M. Blatt*, for the defendant.

RUGG, J. This is an action for the conversion of certain property alleged to belong to the plaintiff. At the close of the evidence the plaintiff asked the judge to rule that he was entitled to recover. His exception to the refusal to grant this prayer presents the only question to be determined. A brief answer to the plaintiff's contention is that the bill of exceptions does not purport to report all the material evidence. Hence it does not appear that any harm has been done to him or any error committed. But as neither party has argued this point, we consider the case in another aspect.

It was not disputed that on August 26, 1908, the plaintiff purchased from one who had been his partner the latter's inter-

est in a shoe store, which the two had before conducted as co partners. The plaintiff testified that on the day following he made an agreement of conditional sale of this store and all its stock with one Siegel, the price being $3,439, of which the receipt of $1,000 was acknowledged, the title to remain in the plaintiff until payment was made, and that contemporaneously he executed an absolute bill of sale to Siegel, and placed it in escrow to be delivered when full payment had been made; that thereupon Siegel entered into possession of the store and conducted the business, having the right to make sales in the ordinary course of trade; that in February, 1909, for breach of the agreement the plaintiff took possession of the store and employed Siegel as his agent to run the store thereafter; that except at rare intervals after the conditional sale the plaintiff was not at the store, and Siegel was apparently in sole control; and that on March 4, 1909, the defendant attached goods in the store as the property of Siegel. Several witnesses testified to seeing the plaintiff take possession of the store in February, and the agreements and bill of sale were offered in evidence. The plaintiff made a perfect case on paper. But the defendant contended that it was a fraud, and that the goods attached were in truth the property of Siegel. The question at issue was, not, as contended by the plaintiff, whether the goods were liable to attachment, but whether the defendant had converted goods which were the property of the plaintiff. The plaintiff alleged that he was the owner. The burden was on him to prove that fact. It was an affirmative proposition, and could not have been ruled as matter of law upon disputed evidence. That the plaintiff once owned the property was not decisive, nor did it shift the burden of proof. He still had the burden of proving by a preponderance of all the credible evidence that he was the owner at the time of the attachment. *Phelps* v. *Cutler*, 4 Gray, 137. *Wylie* v. *Marinofsky*, 201 Mass. 583. The jury may have disbelieved all the material parts of the plaintiff's evidence. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314. But there was direct evidence tending to contradict the claim of the plaintiff on this point. The plaintiff admitted that he had stated that he had sold the store. There was testimony that Siegel had asserted that he was proprietor of it. He admitted that he was

indebted to various New York firms and was a bankrupt and came to Boston at about the time he entered into possession of the store, and was an entire stranger to the plaintiff.   No corroborating evidence of check, deposit slip in bank or otherwise was offered to support the oral testimony that only $1,000 was paid in August.   The business was conducted under an impersonal name, which remained the same during the entire period under inquiry.   The terms of the alleged conditional sale agreement might have been found to afford intrinsic indications of improbability so great as to amount to a badge of fraud.   The circumstances were such as to warrant a finding that the mode of dealing with the store by Siegel as its owner represented his real relation to it.   *Raymond* v. *Worcester*, 172 Mass. 205.

*Exceptions overruled.*