## HENDERSON *v.* WERTHEIMER.

*Witnesses — Credibility of testimony — Impeachment or contradiction unnecessary, when.*

A witness need not be credited in law although not directly impeached or contradicted by other witnesses. His manner, the improbability of his story, and his self-contradiction in the several parts of his narrative may justify a court or jury in wholly rejecting his testimony, though he is not attacked in his reputation nor contradicted by other witnesses.

(Decided November 24, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Robertson, Buchwalter & Oppenheimer,* for plaintiff in error.

*Messrs. Cohen, Mack & Hurtig,* for defendant in error.

SHOHL, P. J. Defendant in error, Edward Wertheimer, was returning from the races at Latonia, Kentucky, driving his automobile in a procession of vehicles. From time to time traffic was stopped. On one of these occasions, Wertheimer stopped his machine five to fifteen feet behind the automobile next ahead of his. There is evidence to show that both he and his companion put out their hands to warn vehicles coming up behind them. Shortly thereafter the automobile of plaintiff in error crashed into and damaged the rear of Wertheimer's car. The force was sufficient to force Wertheimer's automobile into the one ahead of it. Wertheimer at once alighted and spoke to Henderson, asking for his name. Henderson at

the time gave no excuse for the collision and offered no explanation.

In the suit brought in the municipal court of Cincinnati, Henderson defended on the ground that his automobile had been struck by one coming up behind him. Both Henderson and a passenger who accompanied him testified at the trial that Henderson's machine had come to a full stop and . was catapulted by the automobile following it. They gave testimony on other points in conflict with evidence of the witnesses for plaintiff, but there was no witness offered by Wertheimer to contradict directly the statement about the automobile behind Henderson, nor was there any testimony offered attacking the reputation of defendant's witnesses.

The case was heard without a jury and the court rendered a judgment in favor of plaintiff, which judgment was affirmed by the court of common pleas.

The principal contention now made by the plaintiff in error is that the presumption of negligence which might have arisen by reason of the manner in which the collision occurred was rebutted by the uncontradicted evidence offered on his behalf. It is contended the court can not rightfully reject uncontradicted and unimpeached testimony, and that therefore the statements of the two witnesses for defendant must be regarded as establishing a fact. *Bale* v. *Chicago Junction Ry. Co.,* 259 Ill., 476.

It is not true in law that a witness must be credited unless directly impeached or contradicted by other witnesses; his manner, the improbability of his story, and his self-contradiction in the several

parts of his narrative may justify a court or jury in wholly rejecting his testimony, though he be not attacked in his reputation, nor contradicted by other witnesses. *French* v. *Millard,* 2 Ohio St., 45; *Quock Ting* v. *United States,* 140 U. S., 417; *Sonnentheil* v. *Christian Moerlein Brewing Co.,* 172 U. S., 401, 408; *In re Baumhauer,* 179 Fed. Rep., 966; *In re Schults,* 135 Fed. Rep., 623; *The Dauntless,* 129 Fed. Rep., 715, 721; *United States* v. *Sing Lee,* 125 Fed. Rep., 627, 628; *United States* v. *Lee Huen,* 118 Fed. Rep., 442, 459, 462; *In re Jew Wong Loy,* 91 Fed. Rep., 240, 241, and *People* v. *Tuczkewitz,* 149 N. Y., 240.

If the court judicially determined that the testimony offered by the defendant, an interested witness, was unworthy of belief, he had a right and owed the duty to decide the case in accordance with that determination.

The weight of the evidence was for the trial judge to decide. The judgment is not manifestly against the weight of the evidence, nor contrary to law.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.