WILLIAM H. JEFFERSON *vs.* WILLIAM A. COX & others,
trustees.

EMMA B. JEFFERSON *vs.* SAME.

Suffolk.    November 16, 1923. — November 20, 1923.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Savings Bank.   Contract,* Implied.   *Practice, Civil,* Requests for findings of
fact.

There is no provision of law for payment for membership in a savings bank,
such a bank being a purely mutual institution without stock.

At the trial of an action against a group of defendants alleged to be trustees
under a declaration of trust known as a syndicate, there was evidence tend-
ing to show that the plaintiff paid $100 to the defendants, the receipt of
which they acknowledged in writing as " payment of one membership in
bank;" that the plaintiff paid the money to purchase from the defendants
a membership in a savings bank to be formed and did not know anything
else as to the disposition of the money.  No charter ever was granted for
the savings bank.  The defendants moved that the finding should be in
their favor.  There was a finding for the plaintiff.  *Held,* that the finding
was warranted.

No error of law appears in the denial by a judge of a municipal court of
requests by a defendant that are in substance for findings of fact which a
general finding for the plaintiff, warranted by the evidence, shows that the
judge could not make.

CONTRACT against William A. Cox, Daniel F. Hall and
Robert A. Simons, " trustees under a declaration of trust,
known as the Harding, Cox & Martin Syndicate," each
plaintiff alleging that the defendants owed the plaintiff
$100 " for money received by the defendants to the plaintiff's
use."   Writ in the Municipal Court of the City of Boston
dated November 17, 1921.

Material facts in evidence at the trial in the Municipal
Court are described in the opinion.  At the close of the
evidence, the defendants asked for the following rulings:

" 1. Upon all the evidence plaintiff is not entitled to
recover.

" 2. Defendants cannot be liable in this action as they
acted only as agents of Douglass Square Savings Bank Asso-

ciation, which Association was authorized to proceed to spend money in connection with the petitioning the Bank Commissioners of Massachusetts, for a Savings Bank Charter."

" 4. That the money of plaintiff was spent for the purpose of getting said charter by said Douglass Square Savings Bank Association that it required the expenditure of money in connection with petitioning the Bank Commissioners for a Savings Bank Charter, and that as said money has been spent by said Association, defendants are not liable in this action.

" 5. Plaintiff's action should be against the Douglass Square Savings Bank Association and not the defendants.

" 6. That plaintiff is a member of the Douglass Square Savings Bank Association, and that as such member, he, along with others, petitioned the Bank Commissioners of Massachusetts for a Savings Bank Charter, part of the expense of said petition was paid for out of the money he now seeks to recover and that defendants are not liable in this action."

The requests were refused. The judge found for the plaintiffs and at the defendants' request reported the actions to the Appellate Division, who ordered the report dismissed. The defendants appealed.

The cases were submitted on briefs.

*C. L. Raysor*, for the defendants.

*A. M. McLean*, for the plaintiffs.

RUGG, C.J. These are actions of contract each for $100. The defendants gave to each plaintiff a receipt acknowledging " One Hundred Dollars Full payment of one membership in bank." There was testimony tending to show that each plaintiff purchased from the defendants one membership in a bank to be formed, and to be known as the Douglass Square Savings Bank; and that neither plaintiff knew anything as to the disposition of the money, further than that it was given to the defendants in purchase of stock in a bank about to be formed. There was also testimony to the effect that no papers were signed by or in behalf of the female plaintiff, and that William H. Jefferson signed some papers which

he thought were " in favor of the bank " but did not think they were a petition. It was conceded that no charter ever was granted to the Douglass Square Savings Bank. The finding was for the plaintiff in each case. Several requests of the defendants for rulings were denied.

No error of law is disclosed on this record. The judge may have disbelieved all the evidence presented in behalf of the defendants. *Commonwealth* v. *Russ*, 232 Mass. 58, 70. There are and can be no shares of stock in a Massachusetts savings bank. Such a bank is a purely mutual institution without stock. There is no provision of law for payment for membership in a savings bank. The first request, that the plaintiff was not entitled to recover, was denied rightly. All the other requests were in substance for findings of fact which the general finding for each plaintiff shows that the judge could not make. There was ample evidence to support that general finding. In each case the entry may be

*Order dismissing the report affirmed.*