# COMMON PLEAS COURT

. No. 699

WAKEM v. DAYTON PLUMBING CO.

Court of Common Pleas, Montgomery Co.

No. 57749.   Decided July 30, 1927.

147.   BILLS, NOTES AND CHECKS—480. Evidence—Where Uncontradicted testimony discloses state of circumstances, from which different minds may reasonably arrive at different conclusions as to bad faith, question should be submitted to jury.

2.   On question of bad faith, all transactions between parties, both before and after, and all surrounding circumstances are admissible.

3.   It is not true in law that witness must be credited unless directly impeached or contradicted by other witnesses.

On motion for new trial.

Motion overruled.

First Publication of this Opinion.

McCRAY, J.

The petition consists of three causes of action on three trade acceptances. The issues were made by answer setting forth that a representative of the Manufacturers' Sales Com-

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923,

at the Post Office, Cleveland, Ohio,

under the Act of March 3, 1879.

Issued Every Saturday       50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.........$15.00

Single Numbers ................................ .35

### EXPIRATIONS.

DISCOUNTS. We send notices to subscribers, beginning four weeks in advance of the date to which their subscription is prepaid. Thus assuring them of ample knowledge in time to make renewals, and save the 20% we give to those who mail the money in advance.

EXTENSIONS. All overtime on expired subscriptions, that were prepaid will be charged and billed to those who continue to receive the paper, at the full price of $1.25 per month, until payment and prepaid renewal are again made.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Jay F. Laning......................Business Director

Sheldon R. Laning...................Editorial Director

Sam H. Torrey...................Circulation Manager

pany, M. W. Johnson, agreed to sell and deliver to defendant six Autocrat Electric Washing Machines, delivery to be made at the earliest convenience to the defendant; and that the agent agreed to advertise the machines and send agents into the vicinity to sell them.

The answer sets forth that the Sales Company violated this agreement, as well as an agreement to circularize the community. There is a further claim that the company delivered a different type of machine from the one displayed; that there has been a failure of consideration; and that the plaintiff knew of the facts and circumstances surrounding the execution and delivery of the trade acceptances. The defendant also says that the plaintiff's act in becoming the holder of the trade acceptances amounts to bad faith, and that the plaintiff is not a holder in due course. The case was submitted to the jury, resulting in a verdict for the defendant, signed by eleven jurors, one juror refusing to sign.

There was submitted to the jury the question of the breach of contract made by The Manufacturer's Sales Company with the defendant. The jury was instructed that the breach of that contract, however, should be considered only in case the jury failed to find that the plaintiff is a holder in due course of the trade acceptances, or bills of exchange. The jury was further instructed that if they

should fail to find, from the evidence, that the plaintiff is a holder in due course, then and in such case, the plaintiff is placed in the same position that the Manufacturers' Sales Company would have been, as plaintiff; and the jury could, in that case, consider the question of the breach of the contract. The main question submitted for decision was whether the plaintiff was a holder in due course. Every holder of negotiable papers is deemed to be, prima facie, a holder in due course. This instruction was given.

A motion for a new trial was filed, claiming that the court had erred in several respects, including that the court erred in overruling the motion for an instructed verdict for plaintiff. It is to this claim that we think the attention of the court should be given.

The claim is that there was no evidence on the question of bad faith, not even a scintilla; that any business transaction is presumed to be bona fide until otherwise shown; that the uncontradicted facts show the plaintiff was a purchaser for value and had not knowledge of existing equities; that the jury was misled by evidence of circumstances developing after the taking of the acceptances, all of which was erroneously admitted over the objection of the plaintiff.

On the question of bad faith, all transactions between the parties, both before and after, and all surrounding circumstances are admissible. Wilmot v. Lyon, 11 O. C. C. 239, Insurance Co. v. Wright, 33 OS. 533. We do not find any error in the admission of this testimony.

Was there evidence of bad faith which required the case to be submitted to the jury? There was a purchase of trade acceptances by plaintiff on March 23, 1925, paid for by a check of the same date. In return for these trade acceptances, plaintiff took new trade acceptances dated May 18, 1925, which are now involved in this controversy. Knowledge of Miss Berg, plaintiff's agent, that defendant was dissatisfied was conveyed to her by Johnson. He said he wanted to keep defendant a satisfied customer and was going to take back the machines and ship new ones. He told her, she said, that he took new ones for that reason. This was about ten days before Johnson turned in the trade acceptances in dispute.

Taking up the question urged by the plaintiff on the motion for directed verdict, and divesting it of all elements which tend to confuse, it is this: Does the testimony of Miss Berg, plaintiff's agent, clothed with complete authority, show a scintilla of evidence of bad faith? Does the uncontradicted testimony disclose a state of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate fact, towit; bad faith? If so, it is a question for the jury. An illuminating authority upon this question, laying down the duty of a court with respect to submitting a case to a jury under

circumstances where there is but one witness and that witness has exclusive knowledge of the facts, will be found in the case of Becker v. Koch, 104, N. Y. 394. This was an action by assignee for the benefit of creditors, to recover possession of property covered by the assignment, which had been levied upon by Koch as sheriff by virtue of an attachment against the assignor. The assignees claimed that it should have gone into the assets. The sheriff claimed that; an attachment having been made of the assignor's property, the creditor was entitled to the benefit of it in preference to other creditors. On the trial the sheriff called the assignor as a witness. He testified to facts from which an inference of fraud could be drawn; but he gave an explanation of them which, if true, would be sufficient to negative the fraud. He was the only witness called, and the sheriff rested his case upon the theory that, there being no further testimony, the court was bound to accept the explanation as true. The court thereupon directed a verdict for the plaintiff. Although there was no other testimony on the point, the Court of Appeals held this to be error.

This same principle obtains in Ohio. Henderson v. Wertheimer, 12 Ohio App. 249.

These facts apply here for the reason that Miss Berg was the only witness who would know whether there was notice or knowledge of the infirmity or defect; or whether there was knowledge of such facts as to put the plaintiff upon inquiry and so make the taking of the instruments amount to bad faith. She testified that all transactions with respect to the trade acceptances were carried on by her, therefore, any knowledge which she had is to be attributed to J. Wallace Wakem. Scottish Ins. Co. v. Foster, 101 OS. 180. Her credibility, the testing of her version of the matter, was a jury question.

The plaintiff, at the close of the evidence, asked for a directed verdict. The defendant contended that it was a case to be submitted to the jury. Making use of all the authorities upon this question, we must examine the familiar authority of French v. Millard, 2 OS. 44, when we appraise the value and weight of Miss Berg's testimony:

It is not true in law that a witness must be credited unless directly impeached or contradicted by other witnesses; his manner, the improbability of his story and his self contradiction in the several parts of his narrative, may justify the jury in wholly rejecting his testimony, though he be not attacked in his reputation, or contradicted by several witnesses.

This disposes of the question contained in the motion for a new trial, that the verdict is contrary to the weight of the evidence. Upon the vital point of bad faith, this is not a case for the interference of a court with the functions of the jury. It follows therefore, that the motion for a new trial should be overruled.

---

## Weekly Report of
## NEW CASES DOCKETED

The following are the New Cases Docketed in the Ohio Supreme Court on the dates given below. Each week a similar list of latest cases filed, is published in the Abstract.

If the Court of Appeals decision in any listed case was reported in the Abstract a reference to the volume and page will be found in the paragraph giving the entry.

If not given this week, in the next or a near subsequent issue of the Abstract, under the head of Supreme Court Pending Cases, a statement of the facts and points of law in controversy, will be published for each case below, and the same for each following week. Lawyers who consult this service, and use the indexes can thus know readily the standing and fate of each case that comes before the Supreme Court.

For complete indexes of Supreme Court Cases Docketed, and decided this week, see succeeding Index.

A complete Table of Cases Reported in this week's Abstract outside of New Cases Docketed, as below, will be found on last outside page of cover.

### NEW CASES DOCKETED

Blackmore, et v. Pub. Util Com................... 20751
Portsmouth Gas Co. v. Pub. Util. Com........... 20752
Rosey, et v. U. S. Fid. & Guar. Co.............. 20750

#### SEPTEMBER 6, 1927.

20750—Maria G. Rosey, as Executor of Estate of M. R. Hill, decd., v. U. S. Fidelity & Guaranty Co., of Baltimore, Md.; motion for Warren Appeals to certify. Eltzroth, Maple & Maple, Lebanon, for pltffs; H. W. Ivins, Lebanon, for deft.

20751—William C. Blackmore, Recr. for The Cleveland, Lorain, Sandusky Bus Co. v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. A. E. Griffith, Cleveland, for pltff; Turner & Bricker, Columbus, for deft.

#### SEPTEMBER 9, 1927.

20752—Portsmouth Gas Co. v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. Henderson & Burr, Columbus, for pltff; E. C. Turner, Atty. Genl., and A. M. Calland, Columbus, for deft.

### TABLE OF CASES
### REPORTED IN THIS ISSUE

Ayers, Tee. v. Crawford Land Co., OA. 5 Abs. 607.
Bartlett v. Richardson Co., OA. 5 Abs. 617.
Ernsberger v. Bemis, OA. 5 Abs. 614.
Gennaro v. State, OA. 5 Abs. 615.
Glaser v. Mehrl, OA. 5 Abs. 609.
Hampton v. Gabriel Snubber Sales & Service Co., OA. 5 Abs. 611.
Higbee Co. v. Crum, OA. 5 Abs. 608.
Maxwell Motor Corp. v. Winter, OA. 5 Abs. 616.
Milk Service Inc. v. Jenefsky, OA. 5 Abs. 613.
Norris v. McGonigle, OA. 5 Abs. 610.
Roberts v. Frantz, et, OA. 5 Abs. 612.
St aicy Inv. Co. v. Telling, OA. 5 Abs. 614.
Urbanski v. Hayward, OA. 5 Abs. 615.
Wakem v. Dayton Plumb. Co., CP. 5 Abs. 618.
Webb v. Biles, et, OA. 5 Abs. 607.
Young v. Hunkin Conkey Constr. Co., OA. 5 Abs. 611.