## WOODSMALL *v.* MYERS.

[No. 12,967. Filed November 17, 1927. Rehearing denied February 16, 1928.]

*Henderson & Henderson* and *White & Owens*, for appellant.

*William Bosson* and *William E. Deupree*, for appellee.

NICHOLS, J.—Action by appellant on a $1,000 note which he claims that he holds in due course and as a good faith purchaser before maturity, for value, against appellee.

To the complaint in one paragraph declaring upon the note, there were three paragraphs of answer; general denial, fraud in the execution of the note, and no consideration. Appellee replied in two paragraphs; general denial, and that appellant purchased the note before maturity, in due course of business, for value, without notice of any infirmities in the instrument. Appellee also filed a fourth paragraph of answer, the same in legal effect as the second, but more fully setting up the alleged fraud in the execution of the note, to which appellant replied by general denial, and that prior to the maturity of the note, his sister, a Miss Woodsmall, and his wife, purchased the note in due course of business, without notice or knowledge of any infirmity therein, for value, and that appellant, prior to the suit, purchased the note of them in due course, in good faith, without notice or knowledge of any infirmity in the note and before its maturity.

There was a trial by jury which resulted in a verdict for appellee, on which, after appellant's motion for a new trial was overruled, judgment was rendered, from which this appeal is taken. Appellant assigns as error the court's ruling on the motion for a new trial, the reasons for which being the insufficiency of the evidence, that the verdict is contrary to law, and error in instructing the jury.

It is undisputed that appellee was the victim of a fraud perpetrated on her by one Griffin, with whom it appears that others were in conspiracy, and that the note in suit was obtained from her as a result of the fraud, and that she received no consideration whatever for it. But it is appellant's contention that he was a holder in due course in that he took the note, first for his wife and sister, and then, in turn, for himself, that it was complete and regular on its face, and that he took it before it was due as and for an investment, for value, and without notice of any infirmity in it or defect in the title of the person negotiating it.

If appellant was a purchaser in good faith before maturity, it is unquestioned that he should recover of appellee notwithstanding the fact that she was defrauded by being induced to execute the note without receiving any consideration therefor. But this was a question of fact submitted to the jury, and the jury has found against appellant's contention. It is the law that a purchaser in good faith of a negotiable instrument, complete and regular on its face, before it is due, is not required to make any inquiry of the transaction out of which the note grew. But going to the question of his good faith, the jury has a right to consider, along with other circumstances, the fact that such inquiry, with reasonable opportunity, was not made. As was said in *State Bank, etc.*, v. *Lawrence* (1912), 177 Ind. 515, 96 N. E. 947, where the circumstances show that

the purchaser refrained from making inquiry lest he should thereby become acquainted with the transaction out of which the note originated, he cannot occupy the position of a holder in good faith without notice. That case quotes from *State Nat. Bank* v. *Bennett* (1893), 8 Ind. App. 679, 36 N. E. 551, as follows: "The rule thus laid down, we regard as an extremely equitable and salutary one. No man should be permitted to willfully close his eyes and then excuse himself upon the ground that he did not see." When fraud in procuring the execution of the note was shown, it then devolved upon appellant to show that he was a good faith purchaser. This, the jury by its general verdict, says that he did not do. Appellant says that the undisputed evidence shows that he was a good faith purchaser. But this evidence, though undisputed by any other witness was by appellant alone. We cannot say that the evidence was insufficient to sustain the verdict because of appellant's affirmative oral testimony of facts pleaded by way of reply of which appellant had the burden of proof. The jury may have found that the reply was not established because it did not believe appellant's testimony. This it had a right to do. *Talge Mahogany Co.* v. *Burrows* (1921), 191 Ind. 167, 130 N. E. 865; *Kelly* v. *Jones* (1919), 290 Ill. 375, 125 N. E. 334; *Cohen* v. *Longarini* (1910), 207 Mass. 556, 93 N. E. 702; *Henderson* v. *Wertheimer* (1919), 12 Ohio App. 249; *Jefferson* v. *Cox* (1923), 246 Mass. 495, 141 N. E. 493. Along with appellant's demeanor on the witness stand, which we did not see, the jury may have taken into consideration that the $1,000 note was purchased by appellant for $750; that appellee lived in Broad Ripple, a suburb of Indianapolis, and could have been easily reached by telephone from appellant's office; that by his reply of February 24, 1924, he alleged that he purchased the note for himself, and then by his reply of June 5, 1925, he alleged

that his wife and his sister, who was in Constantinople, purchased the note, and that he bought it from them; that he did not call as a witness the party who sold the note to him, though he talked with him on the morning of the trial; and that he was wholly unacquainted with Griffin, who was engaged in the transaction out of which the note grew. The jury weighed all of these matters along with any other circumstances before it surrounding the deal, and determined therefrom that it would not believe appellant's evidence, and that he was not a purchaser in good faith. We will not disturb the verdict.

Instruction No. 17½ given by the court at the request of appellee was on the theory that there was an answer of *non est factum*, and it has been discussed by both appellant and appellee on the theory that there was such an answer; but we do not find such an answer in appellant's statement of the record, nor has appellee set it out. However, we may say that the conclusive presumption of delivery, which appellant asserts prevails under the statute, applies only to notes held in due course, and, in this case, such a holding is controverted. We find no reversible error in the instruction.

There was no error in refusing to give appellant's instruction No. 2. Without the element of a good faith purchaser in due course therein, the instruction was not a correct statement of the law. The law which appellant undertook to state in this instruction, and in instruction No. 5 tendered by appellant, was correctly stated in other instructions given by the court on its own motion.

We find no reversible error.

Affirmed.