ANGUS M. MacNEIL *vs.* CHARLES L. HAZELTON.

Suffolk.    March 7, 1940. — June 26, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Conversion.*

Under an answer of general denial in an action for conversion of a chattel, the defendant, to prove that the plaintiff had no right to immediate possession of the chattel, was entitled to show that, previous to bringing the action, the plaintiff had recovered a judgment in an action for conversion of the same chattel against a third person and that such judgment had been fully satisfied so that title to the chattel had passed to the third person.

TORT. Writ in the East Boston District Court dated January 12, 1939.

The case was heard by *Lane,* J., and in this court was submitted on briefs.

*A. M. MacNeil, pro se.*

*A. U. Rosa & G. J. McCarthy,* for the defendant.

DONAHUE, J. This is an action of tort for the conversion of a "clamshell bucket." The plaintiff brings the action as assignee of a chose in action under an assignment from the Homestead Company, which is alleged to have been the owner of the "bucket." A judge in the East Boston District Court found for the defendant. At the request of the plaintiff the judge reported to the Appellate Division his rulings admitting certain evidence. The Appellate Division ordered the report dismissed.

The plaintiff introduced evidence tending to show that the Homestead Company "on or about April 20, 1937," owned the "bucket" in question which was of the value of about $300; that the defendant had come into possession of it on or about that date without the knowledge or consent of the Homestead Company; that on that date the Homestead Company made a legal demand on the defendant for the return of the "bucket" and the demand was refused by the defendant.

Certain evidence admitted under the plaintiff's objection and reported to the Appellate Division was introduced during the crossexamination of the plaintiff. It was, in substance, that the plaintiff, as the assignee of the rights of the Homestead Company had, prior to the bringing of the present action, brought another action of tort in the Somerville District Court, for the conversion of the "bucket" in issue in this case, against J. F. Sheppard & Sons Inc. that the declaration filed therein described the "bucket" involved in this case; that the plaintiff there recovered a judgment; and that the execution had been satisfied.

The other evidence admitted under the plaintiff's objection consisted of the original papers in the earlier action brought in the Somerville Court. The writ in that case was returnable February 19, 1938. The case went to judgment July 22, 1938, and execution issued on August 1, 1938. The plaintiff, by an indorsement on the execution, acknowledged that the execution had been "paid in full and is satisfied." The writ in the present case was dated January 12, 1939.

The defendant's answer in the present case was a general denial. In an action for conversion the plaintiff has the burden of proving his ownership, general or special, of the article involved, at the time of the alleged conversion, and under the answer of general denial a defendant in such action may introduce evidence of ownership by a third person. *Foye* v. *Patch*, 132 Mass. 105, 108. *Cohen* v. *Longarini*, 207 Mass. 556, 558. It is incumbent on a plaintiff in such an action to prove a right of immediate possession of the property at the date of the writ. *Standard Plumbing Supply Co.* v. *Gulesian*, 297 Mass. 214, 216. If a plaintiff has received satisfaction in an earlier action for conversion against another, the title to the article involved passes to the defendant in the earlier action. *Lawyers Mortgage Investment Corp. of Boston* v. *Paramount Laundries Inc.* 287 Mass. 357, 361.

All the evidence objected to by the plaintiff was properly admitted. It tended to show that the present plaintiff in an earlier action brought by him against a third person for the conversion of the same "bucket" had received satis-

faction; that the title thereto had passed to such third person; and that the plaintiff did not have the right to possession of the "bucket" at the date of the writ in the present action.

*Order dismissing report affirmed*.