Fecteau, J.
Wainwright Bank & Trust Company (“the Bank”) filed the instant action against defendants Douglas and Christine Rawan ("the Rawans”) seeking sums allegedly due under a mortgage note. The Rawans filed counterclaims against the Bank. The Bank flied this motion for summary judgment on December 26, 1997, and on March 20, 1998, this Court held a hearing on plaintiffs motion. For the reasons that follow, plaintiffs motion is ALLOWED in part, and DENIED in part.
BACKGROUND
In 1988, Douglas M. Rawan, as Trustee of the Cross Street Really Trust, obtained from the Bank a line of credit in the amount of $1,000,000 (“the loan”) with the assistance of the Bank’s senior vice president, Thomas H. Zocco. The purpose of the loan was to purchase and develop real estate in Boylston, Massachusetts (“the property”). The loan was secured by a mortgage on the real estate and by individual guarantees from Mr. and Mrs. Rawan. Under the terms of mortgage, the loan was to be repaid in full by November 1, 1990. By agreement, the parties extended the due date to September 23, 1992.
In 1991, the Commonwealth of Massachusetts notified Mr. Rawan of its intent to take the property by eminent domain. The mortgage contained a provision whereby, if the property was taken by eminent domain, the balance of the Note became due and any award was to be paid to the Bank. In August 1991, the Commonwealth paid the Rawans an initial pro tanto award of $295,000, which the Rawans paid to the Bank. The Bank applied $250,000 of these funds to the credit line balance and held $45,000 to fund interest payments on the balance of the loan. Thereafter, the Rawans sued the Commonwealth on behalf of Cross Street Really Trust seeking additional compensation for the land. During the pendency of that action, the Rawans assured the Bank that any settlement or judgment received from the Commonwealth would be used to pay the outstanding balance of the loan.
In October and November 1995, Mr. Rawan informed the Bank that he believed there were improprieties in Mr. Zocco’s handling of the loan. Specifically, Mr. Rawan alleged that Mr. Zocco had used $60,000 of the loan proceeds for his personal benefit. Mr. Zocco had allegedly withdrawn the funds in April 1990. In support of his allegation, Mr. Rawan provided Mr. Lindberg, the Bank’s officer responsible for overseeing loan workouts, a copy of a requisition for a $60,000 advance apparently filled out and “approved” by Zocco allegedly without the Rawans’ permission. The Rawans now contend that Mr. Zocco withdrew without permission additional funds totalling at least $20,000. Since that time, Zocco was indicted in October 1996 on bank fraud charges related to his employment at Wainwright.
The Bank claims that the Rawans owe it $420,000. The Rawans dispute that they owe this figure and instead assert that they owe nothing. The Rawans also claim that the Bank has refused to provide an accounting of the credit line charges and advances, and has refused to explain the figure which it claims the Rawans owe.
DISCUSSION
A motion for summary judgment is in order, and shall be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Insurance Co., 420 Mass. 196, 202 (1995). The moving party bears the burden of proving that there are no material issues of fact and that it is entitled to judgment as a matter of law. Highlands Insurance Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997); Pederson v. Time, Inc. 404 Mass. 14, 17 (1989).
The Rawans brought several counterclaims against the Bank, among them: breach of contract; breach of guaranty; breach of the covenant of good faith and fair dealing; conversion; and violation of G.L.c. 93A. The Bank argues in this motion, that the Rawans’ claims are barred by the applicable statutes of limitations; there exists no legal or factual basis for the Rawans’ counterclaim of malicious abuse of process; the Rawans’ conversion claim must fall because they had no immediate possessory interest in the property that *589 they claim was converted. The Bank further argues that the Rawans’ Chapter 93A claim cannot survive following the elimination of their other claims.
1.Statutes of Limitations
The Bank argues that because the Rawans knew within days of its occurrence of the alleged unauthorized $60,000 advance taken by Zocco, their counterclaims are barred by the applicable statutes of limitations. The Rawans argue that their counterclaims are compulsory and therefore, exempt from statutes of limitations by G.L.c. 260, §36.[1]
Rule 13(a) of the Massachusetts Rules of Civil Procedure provides that “[a] pleading shall state as a counterclaim any claim for relief the court has power to give which at the time of serving the pleading the pleader has against any opposing party, if it arises under the transaction or occurrence that is the subject matter of the opposing party’s claim ...” A counterclaim is usually found to be compulsory, rather than permissive when the essential facts of various claims are so logically connected that judicial economy and fairness require that all the issues be resolved in one lawsuit. See e.g. Harris v. Steinem, 571 F.2d 119 (2d Cir. 1978). A counterclaim is logically related if separate trials on each of the parties’ respective claims would involve a substantial duplication of effort and time by the parties and the courts. See e.g. Xerox Corp. v. SCM Corp., 576 F.2d 1057 (3d Cir. 1978). Another consideration for the Court is whether res judicata or collateral estoppel would apply to the Rawans’ claims were they not litigated as a part of this suit.
In this case, the factual basis for the Bank’s claim includes the existence and amount of the obligation of the Rawans and their default thereon. The Rawans’ claims involve the alleged conversion of funds from the loan by an officer of the Bank, and the bringing of the instant litigation in attempt to collect the arrearage. Common to all the claims is the issue of whether the Rawans are liable on the whole amount of the mortgage. If found liable, the Rawans would likely be precluded from asserting all of their claims. Accordingly, in the interests of fairness and judicial economy, this Court finds that the Rawans’ counterclaims are compulsory and ought to be heard together with the Bank’s claims against them. Therefore, the Rawans’ counterclaims are not barred by the applicable statutes of limitations.
2.Malicious Abuse of Process
The elements of abuse of process are that: (1 ) process was used; (2) for an ulterior or illegitimate purpose: (3) resulting in damage. Jones v. Brockton Pub. Mkts, Inc., 369 Mass. 387, 389 (1975). ‘To prevail on an abuse of process claim ‘it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.’ " Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775 (1986) (quoting Beecy v. Pucciarelli, 387 Mass. 589, 595 (1982)). The plaintiff need not show that the defendant had no basis for using the process. “Proof of the groundlessness of the action is not an essential element of an action for abuse of process.” Fishman v. Brooks, 396 Mass. 643, 652 (1986) (and cases cited).
The Bank argues that the Rawans have not produced evidence of an ulterior motive, nor have the Rawans alleged that the Bank brought this action for any reason other than to collect the alleged debt. The Rawans argue that the factual allegations in their Complaint sufficiently allege an improper motive on the part of the Bank. In their Complaint, the Rawans allege that the Bank instituted this action to coerce payment of more than the Rawans actually owe, and that the Bank knowingly used the inflated figure to seek real estate and equitable attachments of the Rawans’ property.
In essence, the Rawans seek to maintain an abuse of process claim based upon a good faith dispute over the amount of the debt. Even if true that the Bank instituted this action seeking payment on a debt for which the amount is in dispute, and even if the Bank knew there was good reason to doubt the accuracy of the amount of the debt, such a factual scenario is not outside the scope of the purpose of the present action. Because this Court finds that the Rawans’ only assertion of improper motive on the part of the Bank is, even if true, a permissible reason to institute litigation, summary judgment must be allowed for the plaintiff.
3.Conversion
Conversion is the wrongful and intentional exercise of dominion and control over the personal property of another. Third Nat'l Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 244 (1983). A plaintiff (understood in this case as a plaintiff-in-counterclaim) must show that (1) the defendant intentionally and wrongfully exercised dominion and control over the personal property: (2) the plaintiff had an ownership or possessory interest in the property at the time of the alleged conversion; (3) the plaintiff was damaged by the defendant’s conduct; and (4) if the defendant legitimately acquired possession of the property under a good-faith claim of right, the plaintiffs demand for its return was refused. Evergreen Marine Corp. v. Six Consignments of Frozen Scallops, 4 F.3d 90, 95 (1st Cir. 1993) (citing MacNeil v. Hazelton 306 Mass. 366, 367 (1940); Magaw v. Beals, 272 Mass. 334 (1930)). The action “cannot be maintained without proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself or to deprive the rightful owner of it, or destroyed the property.” Spooner v. Manchester, 133 Mass. 270, 273 (1882).
In its present motion, the Bank argues that the Rawans cannot maintain the action because the loan was in the name of Cross Street Realty Trust, and not *590 in the Rawans’ names individually. Therefore, the Bank argues, the Rawans had no possessory interest in the funds from the loan. In opposition, the Rawans argue that the Cross Street Realty Trust was a classic nominee trust, created solely to purchase and develop real estate. Additionally, Douglas Rawan was the Trustee, Douglas and Christine Rawan were the sole beneficiaries of the trust, and the Rawans each executed individual guaranties on the Note.
A nominee trust is “an arrangement for holding title to real property under which one or more persons or corporations, pursuant to a written declaration of trust, declare that they will hold any property that they acquire as trustees for the benefit of one or more undisclosed beneficiaries.” Birnbaum, The Nominee Trust in Massachusetts Real Estate Practice, 60 Mass. L.Q. 364 (1976). They are generally used to conceal the identity of the beneficial owners of the trust property. In such a trust, the trustee has no authority to act unless at the direction of the beneficiaries. Shamrock, Inc. v. Federal Deposit Ins. Corp., 36 Mass.App.Ct. 162, 164 (1994). The beneficiaries are taxable, entitled to tax deductions and hold an insurable interest for casualty insurance purposes. Queen v. Vermont Mut. Ins. Co., 32 Mass.App.Ct. 343 (1992). When questions of liability arise as to nominee trusts, the court may impose liability on the beneficiaries of the trust. Morrison v. Lennett 415 Mass. 857, 862 (1993); Worcester v. Sigel, 37 Mass.App.Ct. 764, 768 (1994).
Whether the Cross Street Realty Trust is in fact a nominee type trust, it is clear in this case that the Rawans, as the beneficiaries, retained beneficial ownership of the trust res. Therefore, the Rawans’ ownership interest is sufficient to maintain an action for conversion against the Bank. Accordingly, the Rawans’ conversion claim must survive the Bank’s challenge on summary judgment.
4. Chapter 93A
In their Complaint, the Rawans allege that the Bank committed an unfair and deceptive trade practice in attempting to collect interest from the Rawans on money which Zocco stole. The Bank argues that after the abuse of process and conversion counterclaims are eliminated, as it argues they should be, there will be no underlying claim on which the Rawans can base their Chapter 93A counterclaim. The Bank argues that the Rawans cannot use a contract claim as a basis for alleging an unfair and deceptive trade practice. The Rawans argue that where a party’s actions are both a breach of contract and an unfair and deceptive practice, liability can be found -under the Consumer Protection Act, G.L.c. 93A.
The Court need not address the parties’ arguments with regard to the contract claims, however, because, although summary judgment is allowed on the abuse of process claim, the Rawans’ conversion claim survives. Liability for violation of Chapter 93A may exist if the defendant’s conduct falls within the penumbra of some common-law, statutory, or other established concept of unfairness or is immoral, unethical, oppressive or unscrupulous and, thus, proof of a common-law tort, while not necessary for liability, may be sufficient. Cambridge Plating Co., Inc. v. Napco, Inc., 85 F.3d 752 (1st Cir. 1996). A claim of conversion, notwithstanding the Rawans’ other factual allegations, is a sufficient basis for a Chapter 93A claim.
ORDER
For the foregoing reasons, plaintiff Wainwright Bank & Trust Company’s Motion for Summary judgment is ALLOWED as to the plainfiffs-incounterclaim’s Count of abuse of process, and is otherwise DENIED.

 Section 36 of Chapter 260 provides in relevant part: “[A] counterclaim arising out of the same transaction or occurrence that is the subject matter of the plaintiffs claim, to the extent of the plaintiffs claim, may be asserted without regard to the provisions of law relative to limitations of actions.”