Strafford, }
June 25, 1920. }

MARY G. COLLINS, *Adm'x, v.* JAMES H. HUSTIS, *Receiver.*

THOMAS H. O'BRIEN, *Adm'r, v.* SAME.

Under Laws 1915, *c.* 148, in actions for personal injuries resulting in death the burden of proving contributory negligence is upon the defendant.

The driver of an automobile who knowingly takes the chance of preceding a railroad train over a grade-crossing cannot hold the railroad liable because of his error in estimating the chances of collision, or the possible failure of his machine to respond as he expected, in the absence of evidence tending to establish reasonable ground for a belief that he could cross in safety.

An experienced automobile driver, acquainted with a crossing, informed as to the movements of the trains and customarily careful in handling his car at the crossing was killed thereon by defendants' train, though the crossing was protected by automatic signals and the statutory warning was given. On the foregoing and other evidence judgment was ordered for the defendants.

If through the negligence of the driver of an automobile, who had formerly been skilful and competent, a passenger is injured, such negligence is not imputable to him.

Whether it was necessary for the public convenience to run railroad trains at the speed of fifty or sixty miles per hour over a crossing on one of the trunk lines of highway, and whether if such speed was necessary, ordinary prudence did not require more effective warning than whistling at a signal post one fourth of a mile therefrom, and an automatic flagman, was a question for the jury.

ACTIONS, to recover for the death of the plaintiffs' intestates, Nora K. Collins and Joseph I. O'Brien, caused by a collision, June 27, 1917, between an automobile in which the deceased were riding and a passenger train upon a grade crossing of the defendant railroad and the East Side road in Milton. The defendants in each case excepted to the denial of their motions for a nonsuit and a directed verdict. Transferred from the February term, 1919, of the superior court by *Marble*, J. The evidence relevant to the exceptions is stated in the opinion.

*Richard L. Sisk* (of Massachusetts) and *Justin A. Emery* (*Mr. Sisk* orally), for the plaintiffs.

*Snow, Snow & Cooper* and *Hughes & Doe* (*Mr. Conrad E. Snow* orally), for the defendants.

PARSONS, C. J. In support of their exceptions the defendants contend that the evidence conclusively establishes the fault of the

parties injured and is insufficient to authorize a finding of fault in the defendants as a cause of the injuries sued for.

As to Joseph I. O'Brien the first contention is well founded and the exceptions in the suit of *O'Brien, Adm'r*, are sustained.

The plaintiffs' evidence was that O'Brien was an experienced automobile driver, acquainted with the crossing upon which he was killed; was accustomed from his business of hotel manager in Rochester to keep himself informed as to the time card of the defendants' trains and their customary deviation from schedule; and that he was customarily careful in the management of his car at this crossing. The crossing was protected by an automatic signal of bell and lights, which were giving the usual warning as the train approached. There was a signal on the highway calling attention to the crossing 400 feet before it was reached, and the usual signal at the crossing. The whistle for the crossing was sounded from the engine at the signal post 1300 feet distant, and the bell rung. The evidence of the operation of the signals of the automatic flagman and the sounding of the crossing signals was direct and positive; and the failure to hear of witnesses, who so testified, is so clearly explainable on other grounds than the failure of the signals themselves that the evidence to the contrary amounts to no more than a *scintilla* which reasonable men could not consider sufficient to counterbalance the direct evidence of the fact. *Kingsbury* v. *Railroad, ante*, 203, 204. But leaving the evidence as to the signals out of the case, it conclusively appears that the train approaching from the left must have been visible to O'Brien driving on the left side of the automobile in season for him, approaching the point of danger with care, to have stopped his machine if he had looked, or paid any attention to the dangers of the crossing with which he was familiar. Especially would it be certain that he must have become aware of the approaching train if he, following his custom, according to the testimony, had slowed to six miles per hour or obeyed the statute which required him to reduce the speed of his machine, after passing the warning signal located 400 feet from the crossing, so that within one hundred feet of the crossing it should not proceed at a greater speed than ten miles per hour. Laws 1917, c. 88, s. 2. The only conclusions which could be reached upon this evidence are that O'Brien having taken no precautions to learn if a train was approaching drove upon the crossing in ignorance of its proximity or with equal lack of care failed when near the crossing to diminish speed in accordance with his custom, or the command of the statute, until so near that it was impossible to stop upon observ-

ing the train; or, third, knowing the train was approaching he voluntarily and unnecessarily took the risk of an attempt to pass in advance of it.

If he drove on the track in ignorance of the approaching train or was unable to stop because of the speed with which he approached the crossing, his ignorance and inability to stop must be found to be due to his failure to exercise any care for his own protection. Such failure is negligence which prevents a recovery. *Waldron* v. *Railroad,* 71 N. H. 362; *Gahagan* v. *Railroad,* 70 N. H. 441, 446.

If, on the remaining view which might possibly be taken of the evidence, O'Brien observed the train and attempted to cross in front of it and the collision resulted from his miscalculation of the speed of the train and the probable operation of his machine, as is quite probable, he voluntarily put himself in a place of danger of his own motion and cannot recover for the results of his own act. *McGill* v. *Company,* 70 N. H. 125, 128. Knowingly taking the chance of preceding the train over the crossing, he cannot hold the defendants liable because of his error in estimating the chances or the possible failure of his machine to respond as he expected, in the absence of evidence tending to establish reasonable ground in his mind for a belief that he could cross in safety. *Stearns* v. *Railroad,* 75 N. H. 40, 42, 43. In *Stearns* v. *Railroad,* it was said, *p.* 43, "It cannot be held that the fact that the party injured in a railroad crossing collision went upon the track knowing a train was approaching conclusively establishes his negligence, regardless of all other evidence in the case," and the rule laid down in *State* v. *Railroad,* 76 Me. 357, 365, that "one in the full possession of his faculties who undertakes to cross a railroad track at the very moment a train of cars is passing, or when a train is so near that he is not only liable to be, but is in fact struck by it, is *prima facie* guilty of negligence; and, in the absence of a satisfactory excuse, his negligence must be regarded as established" is approved as being "merely another way of stating the rule in this state." In *Stearns* v. *Railroad,* and *Davis* v. *Railroad,* 68 N. H. 247, 251, there was evidence tending to establish a reasonable belief that the crossing could be safely made. In *Folsom* v. *Railroad,* 68 N. H. 454, the party injured being placed in a position of danger without fault of his own was not held guilty of negligence as matter of law because his attempt to escape by crossing in front of the engine resulted in his injury.

In the present case O'Brien could have been in a position which compelled him to attempt to cross in front of the train only because

of his lack of care in approaching the crossing. As there was no evidence of sufficient reason for an attempt to cross in front of the train, O'Brien's attempt to do so, if he made one, is at least part of the cause of his death and the action against the defendants therefor cannot be maintained.

The negligence of the driver, O'Brien, in the management of this machine is not imputed to his passenger, the plaintiff Collins' intestate. *Noyes* v. *Boscawen,* 64 N. H. 361; *Warren* v. *Railway,* 70 N. H. 352, 360. The deceased, Collins, is responsible for her own negligence, but there is no evidence or claim that she was in fault for riding with O'Brien, who as all the evidence tended to show was skilful and competent. If some duty rests upon a passenger in an automobile approaching a crossing to look for approaching trains, it does not conclusively appear that she did not perform that duty. No train was approaching from her side of the car and if she looked down the track she saw none. Even if she knew the train was approaching and understood O'Brien's purpose to pass in front of it, it does not conclusively appear that she could have taken the control from him and stopped the car. Reasonable men might conclude that it was the part of prudence in the emergency for her not to interfere with the operation of the machine. If the burden rested upon the plaintiff to prove the deceased's due care, the question would be whether in the absence of evidence of action by her, her care could be found from the facts in the case, but such question is not now presented. Laws 1915, c. 148; *Robinson* v. *Company, ante,* 398.

It does not conclusively appear that the deceased Collins did not do all that reasonable care required of such a person as she was, a passenger in an automobile driven by a competent and skilful driver. It cannot be held as matter of law that her death was due to her negligence.

The only evidence tending to show fault in the defendants is the speed of the train, which was between fifty and sixty miles per hour. The crossing was part of the East Side road, one of the trunk lines constructed by the state for automobile travel between the mountains and the sea. In the summer season the travel on the highway was heavy. Whether if it was necessary for the public convenience to run railroad trains over such a crossing at a high rate of speed ordinary prudence did not require more effective warning than the whistle at the signal post one fourth of a mile away and an "automatic flagman" is a question of fact to be solved by the jury from their judgment of reasonable conduct in such circumstances. *Huntress* v. *Rail-*

*road,* 66 N. H. 185, 191. The fact that in this case they are not aided in their deliberations by a statute of the state or a rule of the road defining reasonable speed may render a conclusion more difficult, but does not release them from the duty or deprive them of the power to determine the question.

The speed of the train could be found unreasonable and its excessive rate part of the cause of the collision. In the *Collins* case the exceptions are overruled, in the *O'Brien* case, they are sustained.

The entries are

> *Collins, Adm'x, v. Hustis, exceptions overruled:*
> *O'Brien, Adm'r, v. Hustis, judgment for the defendants.*

All concurred.