Rockingham,}
Jan. 3, 1933. }

Florence Prescott *v.* Albert Yurchus & *a.*

William Chizinski *v.* Same.

Horace Hartford, *by his next friend, v.* Same.

Bertha Hartford, *by her next friend, v.* Same.

*William H. Sleeper* and *John W. Perkins* (*Mr. Sleeper* orally), for the plaintiffs.

*O'Connor & Saidel* (*Mr. Saidel* orally), for the defendant Yurchus.

*Sewall & Waldron,* by brief, for New Hampshire Gas & Electric the other defendant.

Allen, J. Upon the motion for a directed verdict for Yurchus there is no occasion to consider the circumstances of the collision other than that of his unlicensed driving. Such driving was wrongful and imposed liability for damages occurring in its course, through the operation of the statute (P. L., *c.* 101, *ss.* 1, 12) forbidding it.

"The whole matter resolves itself into a question of legislative intent . . . A leading object [of the statute] was the protection of persons using the highway. Prohibition of unlicensed driving was

thought to be of sufficient importance, as a means to that end, to call for its adoption as a rule of conduct, the violation of which would render the offender accountable for the damage resulting from his illegal act.

"The plaintiff's act of operating a car was causal in the strictest sense. It was not his mere presence in the highway, but his operation of the car, which brought him into the collision." *Johnson* v. *Railroad*, 83 N. H. 350, 364.

The non-liability of others for hurting one driving without a license and his own liability for hurting others rest on the same principle of his wrong made legally causal by statute. It follows that instead of Yurchus' right to a directed verdict in his favor, the plaintiffs were entitled to have verdicts against him directed for them.

The result makes harmless all errors in connection with the charge and argument, except as they affected the issue of damages. In respect to exceptions bearing upon that issue, four were taken to argument. In two instances instructions were given to disregard the argument after its withdrawal, and in one instance the argument appears to have been withdrawn. If in any instance the argument was improper, no order, ruling or direction of the court in dealing with it was questioned. The exceptions are therefore all unavailing.

*Judgments on the verdicts.*

All concurred.