BERYL M. DAVIS FOSCHIA, administratrix *de bonis non*, vs.
FIRST NATIONAL STORES, INC.

Suffolk.    January 14, 1935. — February 28, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.  *Proximate Cause.*
*Evidence*, Relevancy.

Where, after a motor vehicle had been parked on the left side of a street
in violation of a traffic regulation, its operator started it and drove
it on a long diagonal to the right, and had turned it substantially
parallel to the street shortly before it was struck from the rear by
another motor vehicle proceeding in the same direction, a finding was
not warranted that the violation of the regulation was a proximate
cause of the collision.

At the trial of an action for conscious suffering and death resulting when
a motor vehicle operated by the decedent collided with the rear of a
motor vehicle operated in the same direction by the defendant, a
traffic regulation pertaining to the conduct of the operator of a vehicle
being passed by another vehicle from the rear properly was excluded,
there being nothing to show that the decedent was about to drive his
vehicle past the defendant's vehicle.

A verdict properly was ordered for the defendant at the trial of an action
for conscious suffering and death resulting from a collision at night
between a motor truck operated by the decedent and another motor
truck operated by the defendant, where the plaintiff's evidence, at the
close of which the defendant rested, showed that the defendant, after
parking his truck on the left side of the street, started it and drove
it on a long diagonal to the right, and had turned it substantially
parallel to the street when it was about fifteen feet ahead of the de-
cedent's truck, which was going in the same direction;  that shortly
thereafter the decedent's truck ran into the rear of the defendant's
truck;  that both vehicles were proceeding slowly;  and that the lights
on the defendant's truck were lighted:  the evidence required a find-
ing that the decedent was guilty of contributory negligence.

TORT for conscious suffering and the death of the plain-
tiff's intestate, Marvin Davis.  Writ dated July 1, 1930.

The action was tried in the Superior Court before *Green-
halge*, J.  Material evidence is stated in the opinion.  The

defendant rested at the close of the plaintiff's evidence, and the judge thereupon ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. R. Walsh,* for the plaintiff.

*J. P. Sullivan,* for the defendant.

LUMMUS, J.   Early in the morning of July 5, 1929, a servant operating a truck for the defendant had parked the truck, in violation of a traffic regulation of the city of Boston, opposite the defendant's store on the left hand side of Neponset Avenue in Boston, at Tolman Street, headed south towards Quincy. The truck was a two and one half ton truck, about twenty-five feet long, with a van body. On the tailboard was a load of bread in cardboard cartons. From the normal driving position, the operator could see to the rear only by a mirror on the left side of the windshield. When he started to leave, it was about 3:45 A.M., the sun had not risen, and headlights on motor vehicles were lighted. Before starting the truck from its parked position, the operator looked back, where he had an uninterrupted view for a long distance. Getting into the seat, he operated the truck on a long diagonal across Neponset Avenue to the right, without looking to the rear again. His headlights and tail light were lighted.

A truck operated by the plaintiff's intestate, Marvin Davis, was coming south on Neponset Avenue in the right hand car track. The defendant's truck, going in the same direction, after travelling slowly more than one hundred feet, got substantially straightened out lengthwise of the road when its rear was about fifteen feet ahead of the Davis truck. The Davis truck was going about twenty miles an hour and slackening its speed, while the speed of the defendant's truck was about twelve miles an hour. The defendant's truck was about in the middle of the car tracks, but gradually worked into the right hand track. In this situation, a witness, who had observed the movements of both trucks for a long distance, and had seen the defendant's truck while it was parked, drove his own truck past both trucks on their right. He had travelled a considerable distance beyond them, when the Davis truck ran into the

right rear of the defendant's truck, causing fatal injuries to Davis.

The illegal parking on the left side of the street had no causal relation to the collision. The plaintiff offered in evidence § 30 of the traffic regulations of the city of Boston, as follows: "The operator of a vehicle shall not deviate from his direct line of travel without ascertaining that such movement can be made with safety to other vehicles approaching from the rear, and about to overtake and pass such first mentioned vehicle. The operator of the vehicle about to be overtaken in traffic by another vehicle approaching from the rear shall not wilfully obstruct the overtaking vehicle but shall give way, if conditions permit, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle." This section was properly excluded. It applies only when one vehicle is passing another. In such a case the passing vehicle is ordinarily required to go to the left. G. L. (Ter. Ed.) c. 89, § 2. St. 1933, c. 301. *Cannon* v. *Bassett,* 264 Mass. 383, 385. *Anzoni* v. *Gosse,* 274 Mass. 522. In this case there is nothing to show that Davis was about to pass the defendant's truck.

We think there was no error in directing a verdict for the defendant. It is incredible, if Davis had been exercising reasonable care, that he could fail to see a large truck, with headlights and tail light showing, slowly approaching from his left and getting into the car track substantially ahead of him. *Stone* v. *Mullen,* 257 Mass. 344. Compare *Jacobs* v. *Moniz,* 288 Mass. 102; *Tevyaw* v. *Hemingway Brothers Interstate Trucking Co.* 284 Mass. 441.

*Exceptions overruled.*