Coös,  
April 7, 1936.

### ROY HOBBS *v.* BOSTON & MAINE RAILROAD.

*Leon D. Ripley* and *Crawford D. Hening* (*Mr. Hening* orally), for the plaintiff.

*Irving A. Hinkley* (by brief and orally), for the defendant.

ALLEN, C. J. The plaintiff admits that he was driving at an illegal rate of speed when he was injured. By the statute then in

force (P. L., *c.* 249, *s.* 22) a speed in excess of ten miles an hour for a distance of one hundred feet before reaching a railroad highway crossing was forbidden under certain conditions, and punishment for its violation by fine or imprisonment or both was prescribed. The plaintiff acknowledges a speed of twenty miles an hour.

He is understood also to concede that if his illegal conduct contributed to his injury, it is to be treated in the same manner as contributory negligence and bar recovery. The concession recognizes a well established rule of law. *Osgood* v. *Maxwell*, 78 N. H. 35; *Collins* v. *Hustis*, 79 N. H. 446, 447, 448; *Hanscomb* v. *Goodale*, 81 N. H. 150; *Judd* v. *Perkins*, 83 N. H. 39, 42; *Morrison* v. *Railroad*, 86 N. H. 176, 178, 179; *Eastman* v. *Herrick*, 87 N. H. 58, 60.

The plaintiff claims, however, that the rule of causation applied in *Johnson* v. *Railroad*, 83 N. H. 350, 364, is not applicable to the statute he violated, and that it is an issue of fact whether the violation was a material factor in producing the accident under the usual definition of legal cause.

In *Johnson* v. *Railroad, supra,* followed in *Prescott* v. *Yurchus*, 86 N. H. 108, the court passed upon the statute forbidding unlicensed motor-vehicle driving. It was held that the statute placed responsibility upon anyone thus driving for any damage happening, in effectuating its purpose to remove the serious menace to the safety of public travel in such driving.

The statute here invoked as a defence had a purpose similar to the one interpreted in the *Johnson* case. Both aim to protect public travel. Grade crossing accidents have not been infrequent and are apt to be attended with severe injury. The passengers in a motor-vehicle as much as its driver are within the range of the protection sought to be furnished. The difference between the two statutes is at best of degree, in their objectives of safety. But this difference might be viewed as substantial, and the legislative purpose to impose civil responsibility for all violations of the crossing statute is not free from doubt. The statute has been amended, and now only an unspecified "reasonable and proper" speed is required, with a lessening of the penalty for violations. Laws 1933, *c.* 15.

Without deciding the intendment of the statute in respect to its effect upon causation, the evidence has more than tendency to point out the plaintiff's violation of it as an efficient cause of the collision. The defendant's train and the plaintiff's truck met. The force of the truck was illegal, being produced by an illegal speed. It necessarily was a material cause of the accident. This must be found as

the only reasonable conclusion. Assuming that negligence of the defendant may be found and that it was materially operative as a causative factor, a finding that the plaintiff's illegal driving was likewise operative is an imperative inference from the evidence.

Under a legal rate of speed the plaintiff would have been fifty feet from the crossing when the train passed over it. The train would have been directly ahead of him in his almost inescapable view. If he could then have reached the crossing before the train had passed by, he could not have done so in due care. At a legal speed his truck could be stopped within a few feet. The risk of injury would have then been his alone. *Collins* v. *Hustis*, 79 N. H. 446, 447, 448.

The collision for which liability is claimed would have been avoided if the truck had been driven as the law commanded. With the defendant's negligence assumed, it was due to the combined forces, each acting efficiently, of that negligence and of the illegal speed of the truck.

*Judgment for the defendant.*

All concurred.