Mollie K. Henert, Administratrix of Estate of William G. Henert, Deceased, Appellant, v. Chicago and North Western Railway Company, Appellee.

Gen. No. 10,156.

Opinion filed September 18, 1947. Released for publication October 7, 1947.

WARNER & WARNER, of Dixon, for appellant;
HENRY C. WARNER and GEORGE F. NICHOLS, both of
Dixon, of counsel.

DIXON, DEVINE, BRACKEN & RYAN, DRENNAN J.
SLATER, and JAMES B. O'SHAUGHNESSY, all of Chicago,
for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion
of the court.

The plaintiff's intestate, William G. Henert, on November 20, 1945, was riding in an automobile owned
and driven by Oscar Nass. They were on their way to
to Village of Ashton, and as they were crossing the
double track railway of the defendant company, a
fast passenger train was approaching from the left at
the rate of approximately 80 miles per hour. The
train struck the automobile and both Mr. Henert and
Mr. Nass were instantly killed. Mollie K. Henert as
administratrix of William G. Henert, deceased,

brought suit in the circuit court of Lee county, to recover for the wrongful death of the decedent. The case was submitted to a jury who found the issues in favor of the defendant. A motion for a new trial by the plaintiff was overruled, and judgment entered on the verdict in favor of the defendant railway company. It is from this judgment that the administratrix prosecuted an appeal to this court.

The defendant's double track runs in an easterly and westerly direction through the Village of Ashton. The Chicago and Northwestern Railway Company, where there is a double track, runs its trains on the left-hand track instead of the right, contrary to that of other railway companies. There is a road crossing west of the Village of Ashton, and as Mr. Nass and the plaintiff's intestate approached this crossing, there was a freight train on the westbound track, west of the crossing, headed east. The witnesses vary in their estimate of the distance the engine of the train was west of the crossing, but it was in the neighborhood of 100 feet. At the crossing, the railway company maintained signal lights and bells to warn persons using the crossing, of the approach of a train. It is conceded that at the time of the accident in question, the flasher signals, which show red lights to the one approaching the railroad track, were flashing, and also that the bells at this crossing were ringing. It is claimed by the appellant that by the railway company permitting the freight train to stand on the main line, or the westbound track, they were lead into a trap, and although the signals were working properly, the passengers in the automobile were deceived, thinking, and had a right to assume, that the freight train was causing the signal system to operate. It is also claimed that because of this position of the freight train, that the railway company was negligent in not having a flagman at the crossing to warn people approaching the same, of the approach of a fast passenger train on the eastbound track.

The evidence shows that one, approaching in an automobile from the south, with a freight train on the track a short distance west of the crossing, would have difficulty in seeing a passenger train coming on the eastbound or north track. As Nass and Henert were crossing the eastbound track, one of the streamliners of the railway company coming at the rate of 80 miles an hour, struck the car of Nass, and as before stated, the passengers were instantly killed. Two members of the streamliner crew and two of the freight train crew testified that they saw Mr. Nass's car being driven towards the crossing, and saw the streamliner hit the car; that Mr. Nass was driving the car, and as he approached and crossed the track, he looked neither to the right, nor to the left, but straight forward; that he was going at the rate estimated of 10 or 15 miles per hour.

At the close of the plaintiff's case, the defendant entered a motion and presented an instruction to find the issues for the defendant. This motion was overruled. A like motion was entered at the close of all of the evidence, and the motion was likewise overruled.

The court instructed the jury not to consider the questions of whether the railway company was negligent in not having guards at the crossing to warn pedestrians or automobiles of the approach of trains. Appellant's printed argument is devoted largely to the fact that the court erred in withdrawing these questions from the jury, and that the negligence, if any, of Nass, the driver of the car, cannot be imputed to plaintiff's intestate.

The appellee claims that the verdict and judgment must be affirmed in this court, because the plaintiff has wholly failed to prove due care and caution on the part of her intestate at, and before the fatal accident. It is conceded that the negligence of Nass cannot be imputed to plaintiff's intestate. There must be some proof of due care and caution on decedent's part for his own safety, before the plaintiff is entitled

to recover. Plaintiff contends in her reply brief, that due care and caution on the part of the deceased, can be inferred from facts and circumstances proven in the trial. Appellant quotes from the case of *Collins v. Hustis,* 79 N. H. 446, 111 Atl. 286. It will be observed in that case that the evidence showed that the driver of the car with whom Collins was riding, was shown to be an experienced, skillful and competent driver. In the case of *Elgin, J. & E. R. Co. v. Hoadley,* 220 Ill. 462, the court there held, which is conceded to be the rule, that direct testimony of due care is not required, but facts and circumstances in evidence in this case were such, that due care could be inferred.

In the case of *Elliott v. Elgin, J. & E. Ry. Co.,* 325 Ill. App. 161, 167, three high school students of the age of 16 and 17 years, were riding in an automobile and were struck by a train of the defendant company, and all three of the boys were killed. The administrators of the estate of two of the boys started suit against the railroad company for damage. Over the objection of the defendant, the fathers of the two boys were allowed to testify, as to the ordinarily careful habits of their sons. There was an eyewitness to the accident who was, at the time of the hearing, in the United States Army. On appeal to the Appellate Court of the First District, the court held that the plaintiffs had not used due diligence in trying to procure the evidence of the eyewitness, and held that the evidence of the due care and caution and careful habits of the boys, were improperly submitted to the jury. The court in this case, reviewed quite a number of decisions of our Appellate and Supreme Courts, bearing upon the subject of due care of plaintiff's intestate, and held that the record was bare of any proof of such due care, as must be alleged and proven to entitle the plaintiff to recover. The case was reversed with directions to enter judgment in favor of the defendant.

The same court in *Wilkerson v. Cummings,* 324 Ill. App. 331, was a similar case. In this case the plaintiff's intestate filed a suit against the receivers of the Chicago Surface Lines for damage under the Injuries Act for the death of her husband, Luther Wilkerson, caused by a collision of an automobile he was driving with the rear end of a standing streetcar in the City of Chicago. The streetcar had stalled at a viaduct along the right of way and the motorman was on top of the car fixing a trolley rope. The conductor was standing at the side and back of the car assisting the motorman. The plaintiff's intestate drove his automobile into the back of the streetcar, and was killed. The only eyewitness to the accident, was the conductor, who gave his version of what he knew in regard to the accident. The court there held that there was no evidence in the record to sustain the allegation that plaintiff's intestate was in the exercise of due care and caution for his own safety at, and before the time of the fatal injury.

In the case of *Opp v. Pryor,* 294 Ill. 538, 547, it is stated: "It was essential for the plaintiff to prove that she was in the exercise of ordinary care for her own safety in approaching and going upon the crossing, and she was not relieved from that duty because she was riding in an automobile. If she exercised such care any negligence of Ethel Shambaugh could not be imputed to her, but she would be responsible for her own negligence. The plaintiff sat at the right of the driver in front, with at least equal opportunity to observe danger and the approach of the train, and being bound to prove the exercise of ordinary care by herself, it was no less her duty than that of the driver to observe and avoid danger, if practicable, and to warn the driver. (*Flynn v. Chicago City Railway Co.,* 250 Ill. 460; *Pienta v. Chicago City Railway Co.,* 284 id. 246.)"

 The allegation in the complaint that the decedent was in the exercise of due care and caution for his own safety at the time of the occurrence, was a necessary and material allegation and must be proven. There is no evidence in this record to sustain this allegation. There must be evidence in the case from which the jury may determine this essential element. The jury cannot function properly without evidence on which to base their finding. They cannot be permitted to base their finding of fact upon conjecture or surmise. There must be some evidence to establish this essential element of the case, and we find that the plaintiff failed to present any competent evidence to establish the fact that the decedent was in the exercise of due care for his own safety at the time of the accident which caused his death.

The other points raised by the appellant need not be discussed in this opinion, as the finding of the jury was in favor of the defendant, which was proper under the evidence, as submitted for their consideration. The judgment of the trial court is affirmed.

*Judgment affirmed.*