Jane Allen and Charles Rutherford, Plaintiffs-Appellees, v. Wabash Railroad Company, Defendant-Appellant.

Gen. No. 9,872.

Opinion filed June 16, 1953. Rehearing denied July 13, 1953. Released for publication July 13, 1953.

HENRY I. GREEN, JAMES H. WHEAT, and HURSHAL C. TUMMELSON, all of Champaign, for appellant; JOSEPH H. MILLER, of St. Louis, Missouri, of counsel.

BUSCH & HARRINGTON, of Champaign, for appellees; W. KENNETH PORTER, of Champaign, of counsel.

·MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

This case concerns a collision between an automobile and a railroad train, wherein plaintiff-appellee Charles Rutherford (owner of the automobile but not a passenger therein) obtained a judgment on jury verdict in the sum of $592.85 for property damage against defendant-appellant Wabash Railroad Company, and plaintiff-appellee Jane Allen (a guest passenger in the automobile) obtained a judgment on jury verdict in the sum of $12,500 for personal injuries against such railroad. Motion for judgment notwithstanding the verdict or in the alternative for a new trial was denied, from which order this appeal follows.

The complaint as amended as to Count One substantially charged that on February 16, 1951, at about 4:30 p. m., plaintiff Charles Rutherford was the owner of an automobile driven by Ella Rutherford across defendant's tracks at a down-town crossing in Tolono,

Champaign county, Illinois; that through the negligence of defendant the locomotive of the train collided with the automobile and the automobile was damaged. Amended Count Two charged that the plaintiff Jane Allen was a guest passenger in such automobile and received personal injuries. In each count the due care of the plaintiff is alleged as well as the negligence of defendant.

It appears undisputed that on February 16, 1951, at about 4:30 p. m. in Tolono, Illinois, population 1100, Bourne street extended generally north and south, and crossed five tracks of defendant railroad; that numbering from the north the first three tracks were for switching, the third being called the "passing tracks," the fourth, where the collision occurred, was the main-line tracks, and the fifth was another switch track. An automatic signal, flashing lights and ringing a bell was then operating at the north of the tracks on the west side of the street 15.6 feet north of the center of the number one track; the centers of the tracks were on an average 13½ feet apart; it was 69.6 feet from this signal to the center of number five track; the day was clear and the pavement dry; the automobile of plaintiff Charles Rutherford driven by his wife Ella was proceeding from the north toward the tracks; the plaintiff Jane Allen sat in the middle of the front seat, and one Lepha Heimburger sat on the right side thereof; some railroad cars were stationary on the second track west of the street; a local freight had been proceeding east on the third track (passing track); just west of the street the locomotive was disconnected and proceeded east across the street leaving a string of cars west of the street (these are the cars principally charged with obstructing the view of the occupants of the automobile); a mile long freight train powered by a diesel locomotive was approaching Bourne street from the west on the fourth or main-line track; the

driver of the automobile stopped in the vicinity of the north flasher signal, the plaintiff Jane Allen said in substance that she believed the crossing to be clear and the automobile proceeded southerly across the tracks in low gear; as it crossed the third track the oncoming train from the west on the fourth track was seen; Ella Rutherford stepped on the accelerator (the distance from the center of the third track to the center of the fourth or main-line track was 13½ feet) and almost cleared the fourth track when the automobile was struck near the rear end by the locomotive; the automobile was damaged to the extent of $592.85; Jane Allen was thrown from the car and sustained severe personal injuries.

Defendant has stated that there are two principal questions to be decided, i.e. (a) whether the owner of an automobile under such circumstances can recover for property damage and (b) whether a passenger who allows or directs the driver to proceed in the face of an operating signal which all occupants saw, can recover.

 As to the judgment in favor of Charles Rutherford in the sum of $592.85 for damages to his automobile, any negligence of the driver of the car cannot, of course, be imputed to such plaintiff, who was not an occupant. As to any negligence of the defendant, this was a matter for the jury. Considering the conflicting evidence as to the electrical signals being activated by the stationary cars on the several tracks, as to the speed of the moving train involved in the collision, and as to the failure to sound a proper signal by those operating such train, it cannot be said that such finding of negligence by the jury was against the manifest weight of the evidence and such judgment is accordingly affirmed.

As to the judgment in favor of the other plaintiff, Jane Allen, a passenger in the car, the principal question as aforesaid seems to be as to whether or not such

plaintiff was in the exercise of due care for her own safety in view of the testimony. Lepha Heimburger testified that she was a passenger in the automobile riding on the right side of the front seat and that Mrs. Allen was sitting in the middle of the front seat, the car being driven by Mrs. Rutherford; that they stopped north of the tracks; a string of cars about one and one-half blocks long obstructed the view to the west and that there was another string of cars south of these; that all three occupants of the car were looking west and that the plaintiff Jane Allen said, "I think it is clear." The automobile then started and the train was right upon them. Ella Rutherford, the driver, testified that freight cars were on the second and third tracks west of the street, the east end of the same being thirty to forty feet west of the street. She looked west but the view was obstructed; that the front end of the auto was between the third and main-line tracks when she first saw the engine which was then whistling; that she heard no prior signal; she increased the speed of the car which was in low gear and it was then struck behind the rear wheel. On cross-examination she stated that when the automobile stopped for the signal the plaintiff, Mrs. Allen, said, "I believe it is clear." The plaintiff Jane Allen testified that the auto stopped for the flashing signal and she stated to the other occupants that "I thought it was clear." The last seven or eight box cars were on the second track about fifteen to eighteen feet west of the sidewalk and box cars were on the third track about ten feet west of the sidewalk; that the automobile was on the main track when she first saw the locomotive about fifty feet to the west. On cross-examination she stated, "The car was stopped fifty feet north of the flasher in my best judgment when I said I thought it was clear."

■ In the case of *Nice v. Illinois Cent. R. Co.*, 303 Ill. App. 292, it was held that it was not in the exercise

of due care for the driver of an automobile to deliberately cross a railroad crossing at a time when warning signals were in operation. Likewise in the case of *Henert v. Chicago & N. W. Ry. Co.*, 332 Ill. App. 194, it was held that a passenger in an automobile was not in the exercise of due care when the driver crossed railroad tracks at a time when an electric flasher signal was in operation. The court quoted with approval the case of *Opp v. Pryor*, 294 Ill. 538, which contained this statement: "The plaintiff sat at the right of the driver in front, with at least equal opportunity to observe danger and the approach of the train, and being bound to prove the exercise of ordinary care by herself, it was no less her duty than that of the driver to observe and avoid danger, if practicable, and to warn the driver." In the instant case Jane Allen not only failed to comply with the last quoted rule but on the contrary as testified to by herself and the other two occupants of the car, stated that she thought the crossing was clear, at a time when by obeying the warning signals the collision could have been avoided.

■■■■ In the light of these and numerous other cases it must be held that the plaintiff, Jane Allen, did not sustain her burden of proving by the greater weight of the evidence that she was in the exercise of due care for her own safety. The judgment must be and is reversed as to her and the cause remanded for a new trial. The judgment of Charles Rutherford is affirmed and costs of the case are assessed against the defendant.

*Affirmed in part and reversed and remanded in part.*