*Third District Court of Eastern Middlesex*

No. 703 of 1955

*Northern District*

No. 4982

**FLEET TRANSPORTATION, INC.**

**v.**

**RALPH W. VOSE**

(August 2, 1956)

*Brooks, J.* This is an action of tort in which plaintiff is suing for damages resulting from a collision between the car which its bailee was operating and defendant's car. Defendant's answer is general denial and contributory negligence.

It has been agreed that a fair appraisal of the damage would be $168.72.

*There was evidence upon which the court found*: "The accident occurred 17 February, 1954 at about 12:45 P.M. It was snowing and visibility was very poor. The location of the accident was on Route No. 2, a public highway in the State of Vermont

near the city of Montpelier. The plaintiff's automobile was operated at the time by one Cardella who was the lessee of the plaintiff's car. The defendant was the operator of the parked car. The plaintiff's car was coming down a hill towards the defendant's car. There is a curve at the base of the hill which necessitated a right turn by the plaintiff's car.

It had snowed during the night and the road had been cleared so that snow was piled on each side of the road. There were two lanes and there was room for cars headed in opposite directions to pass one another. The cleared part of the road was not bare of snow and there was snow on it to an appreciable depth.

"The defendant was proceeding on Route No. 2. He had left Rutland at about 9:00 that morning and was on his way to St. Johnsbury. When he came to the curve, the prospect being picturesque and the defendant being a photographer, he drove his car so that its right side was against the pile of snow cleared from the highway and on his right, and stopped his car about 40 feet from the curve. The defendant got out, but did not turn off his engine or put on his lights, walked to the rear of the car 30 to 40 feet, and started taking moving pictures of the views and the snow storm. There was room for a car to pass defendant's car.

"The plaintiff's bailee was driving the plaintiff's car down the hill towards the defendant's car. He was on his right-hand side. He was proceeding at the rate of 20 miles per hour. The defendant's attention was attracted to the plaintiff's automobile and he proceeded to take pictures of it as it approached. However, in his excitement he forgot to press the proper button on his camera so that he did not get the picture of the contact. Without objection the court was shown the pictures taken by the defendant. As the plaintiff's car got into the curve, the driver attempted to make a right turn. He was unable

to do so and the plaintiff's car kept straight on and ran head-on into the defendant's car. The front tires of the plaintiff's car were smooth. Its back tires had chains."

In addition to the above the facts reported by the court, defendant testified as follows: "The defendant was employed by a trucking company which operated through Vermont from St. Johnsbury; that he was familiar with the law of the Road in Vermont and the road in question; that it was a State and Federal road, Route No. 2; that the photography was his hobby; that he gave no warning or signal to the operator of the plaintiff's car; that he believed that he had a right to stop and park his car on the road at 40 feet from the curve at the bottom of the hill; that he admits that he stopped and parked car at place of danger; that the place where the accident occurred is in a rural and sparsely settled district and that the width of the road was narrowed by snow drifts."

Plaintiff filed the following requests for rulings and upon which the court acted as indicated below:

1. The Court is warranted in finding that the defendant was negligent. (Court's action) *"Granted, but the court does not find that any such negligence on the part of the defendant was the proximate cause of the damage to the plaintiff."*

2. The Court is warranted in finding from the evidence and existing circumstances, that the defendant was negligent in stopping and parking his vehicle, without lights, on a public roadway in a rural and sparsely settled district on a curve in the road, at the bottom of a hill, where the width of the road was narrowed by snow drifts, at a time when it was snowing and visibility was poor due to the storm and the roadway was slippery. (Court's action) *"Granted, but the court does not find that such*

*negligence on the part of the defendant was the proximate cause of the damage to the plaintiff.*"

3. Under the law of *Nash v. Lang,* 268 Mass. 407, the negligence of a bailee of a motor vehicle cannot be imputed to the owner of the vehicle, and the owner may recover for the damage to his vehicle caused by the negligence, in part, by the defendant. (Court's action) "*Granted.*"

4. The Court should find that the operator of the plaintiff was a bailee of said vehicle. (Court's action) "*Granted.*"

5. The Court should find that the defendant's act in stopping and parking his vehicle within the limits of the travelled roadway under the existing circumstances, for the purpose of taking pictures was a negligent act and in violation of his duty to other travelers on the highway. (Court's action) "*Granted, but the Court does not find that any such act on the part of the defendant was the proximate cause of the damage to the plaintiff.*"

6. In Vermont, as in other states, parking on a roadway is forbidden. (Court's action) "*Granted.*"

7. The Court, is warranted in finding that the conduct of the defendant in parking his vehicle on the roadway under the existing circumstances was a contributing cause of the accident and resulted in the damage to the plaintiff's vehicle, and the plaintiff is entitled to recover, since the negligence, if any, of the bailee of the plaintiff's vehicle is not to be imputed to the plaintiff. (Court's action) "*Denied, as the court does not find that the acts of the defendant were the proximate cause of the damage to the plaintiff.*"

The court made the following rulings:

"The accident having occurred in the State of Vermont, it is to be determined in accordance with the law of that State. It appears by Title 47, Chapter 434, Section XIII, Vermont Statutes, Revision of 1947 that 'A person shall not stop, nor park the motor vehicle he is operating within one hundred and fifty feet of a curve———' The Court finds that the defendant violated this law and under the law of Vermont such violation is evidence of negligence.

"It seems established, however, by the law of Vermont that the violation of the Statute and the negligence of the defendant must have causal connection with the accident to be the basis for liability. The Court does not find that this violation was the cause of the accident. The accident was caused by the fact that the driver of the plaintiff's car lost control on the curve and as a result ran into the defendant's car. The accident would have occurred even if the defendant's car had been moving at the place of the contact."

The court found for defendant.

Plaintiff has appealed to this court being aggrieved by the court's ruling that the negligent acts of defendant and his violation of the statute in question have no causal connection with the accident, in spite of the court's findings of fact and the admitted evidence of defendant; also by the court's ruling that negligence of defendant was not the proximate cause of the damage to plaintiff in connection with plaintiff's requests Nos. 1, 2 and 5, and also by the court's denial of plaintiff's request No. 7.

It is agreed that the accident having occurred in Vermont, the law of Vermont, so far as applicable, governs the case. *Medeiros v. Perry*, 332 Mass. 152; *Legere v. Tatro*, 315 Mass. 141. The question is what is the law of Vermont when applied to the facts of this case? The judge found, and we do not question his finding, that plaintiff was bailor of the vehicle which collided with defendant's automobile and that any negligence of the bailee is not imputable to the

plaintiff. The court also found that defendant violated the laws of Vermont in parking his car on the road where the collision occurred.

The Vermont statute relating to that matter is V.S. 1947, Para. 10,219 (XIII), and provides, with certain exceptions not here material, that: "A person shall not stop or park the vehicle he is operating within 150 feet of a curve nor park nor leave standing any vehicle, whether attended or unattended, upon the used part of a highway."

The case seems to us to be governed by *Naylor v. Dragoon*, 116 Vt. 552, referred to with approval in 119 Vt. 106, 112. That was an action of tort to recover damages for personal injuries caused plaintiff by collision with defendant's automobile. The court denied defendant's motion for a directed verdict and the jury found for plaintiff. Plaintiff had parked on a 2-lane higway at about 11 a.m. to enable her husband to take a dog to a nearby kennel. After two or three minutes and before the husband's return, defendant's car, proceeding in the same direction as plaintiff, ran into the rear of plaintiff's car. At the time of the collision, there was room for a truck to pass in the other lane.

In our case the parties are reversed. The violator of the statute is defendant. The same principles of law, however, apply. The court in the Naylor case held that by stopping more than momentarily, plaintiff had violated V.S. 47 para. 10219 (XIII) and was consequently *prima facie* negligent. The court said that plaintiff had to offer evidence of due care in order to rebut the presumption of negligence,— "The trouble with plaintiff's position is that the case is lacking of any evidence as to the length of time she intended to stop or from which such time can be inferred. The only evidence is that she stopped for the purpose of leaving the dog—there was nothing more and no evidence as to how long that was to take. It was true that the collision occurred within

two or three minutes after the car was stopped but this is no yard stick by which it can be found that the stop was to be only temporary or momentary.

"The plaintiff did not produce any evidence fairly and reasonably tending to excuse her violation of the parking statute. She did not prove any attendant circumstances to counterbalance or overcome the effect of the statute. The case is entirely lacking of any evidence which would warrant any inference of due care on her part in parking in violation of the statute. She did not sustain the burden of showing herself free from contributory negligence or of producing sufficient evidence in view of her violation of the statute to take the case to the jury on this point. No question can be made that her contributory negligence in parking as she did was a part of the proximate cause of the accident. It was error to deny defendant's motion for a directed verdict."

The trial judge in our case found that there was no causal connection between the violation of the statute and the accident,—that it would have happened even if defendant had been moving. Under the law of Massachusetts, a violation of statute or ordinance will constitute negligence depending on whether the violation has a causal relation to the accident. *Toschia v. First National Stores*, 290 Mass. 90.

The Vermont law appears to be different in cases like the one before us. The Naylor case seems to hold that where a person violates a safety statute such as V.S. 47 para. 10219 (XIII), the party guilty of the violation cannot prevail unless he offers *credible evidence of his own due care*. As a matter of law, therefore, he was negligent under the Naylor case.

The subject of causation was not raised in the Naylor case. It would seem to be immaterial on the theory under which that case was decided.

In a similar case in New Hampshire, the matter of causation was discussed. *Legere v. Tatro*, supra.

There plaintiff parked his car in violation of a statute similar to the Vermont statute. He was run into by defendant during a snow storm. The court said, page 149, 150:

"The plaintiff contends that, if he violated the statute in question, it remained a question of fact whether the violation was causal. This contention, however, appears to have disposed of adversely to the plaintiff. In *Johnson v. Boston & Maine Railroad*, 83 N.H. 350, it was held that the causal violation of a statute requiring a license to operate a motor vehicle is a legal wrong and is not to be treated as merely evidence of fault. It was said at pages 360-361: 'It has seemed advisable to the legislature that the public be protected by the settlement of this matter before harm is done, rather than to leave it to be tried out after an accident has happened. It is a reasonable preventive and remedial measure.' And, at page 364, it was said: 'The plaintiff's act of operating a car was causal in the strictest sense. It was not his mere presence in the highway, but his operation of the car, which brought him into the collision.' See also *Prescott v. Yurchus*, 86 N.H. 108, where the court said: 'Upon the motion for a directed verdict for Yurchus there is no occasion to consider the circumstances of the collision other than that of the defendant's unlicensed driving. Such driving was wrongful and imposed liability for damages occuring in its course, through the operation of the statute . . . forbidding it.' "

"In *Fontaine v. Charas*, 87 N.H. 424, 426, 427, where New Hampshire Laws 1927, c. 76, s. 3, was considered, it was said the act of the defendant in violating the statute as to 'parking' was clearly causal. 'The defendant's fault consisted in his violation of a statute obviously designed to prevent collisions between moving and stationary vehicles. His illegal act of needlessly stopping in the path of travel exposed the decedent to the risk of a rear-end collision, and

when such a collision occurred she was injured. The collision, and its attendant injuries, was the result of the combination of the defendant's illegal act and . . . [the] negligence [of the operator of the automobile that struck the defendant's automobile, in which the decedent was riding].' *Putnam v. Bowman*, 89 N.H. 200, 204."

*Judgment is to be vacated and finding entered for plaintiff in the sum of $168.72.*

Simon Cohen, for the plaintiff.

R. D. Hewes, for the defendant.