*Municipal Court of the City of Boston*

No. 401663

**CLARENCE E. CORMIER**

v.

**ROMEO J. LAVIGNE, et al**

(Oct. 26, 1956 — Jan. 25, 1957)

*Fox, J.* This is an action of tort to recover for damage caused to the plaintiff's automobile. At the trial it was agreed that on December 1, 1954 about 9:30 A.M., a clear, dry day, the plaintiff left his automobile double-parked, and that while it was so parked it was struck by a trailer-truck operated by the defendant Marchese, then acting as the agent of the defendant Lavigne, its owner.

The plaintiff's automobile was parked on Overland Street, a street off Brookline Avenue. The accident occurred when the defendant Marchese, making a right turn from Brookline Avenue into Overland

Street, attempted to get the trailer-truck past the plaintiff's automobile which had been left unattended five to eight minutes before.

There was conflicting evidence whether the rear of the plaintiff's automobile was at least ten feet from Brookline Avenue or whether it extended two feet into Brookline Avenue across the cross walk.

The evidence indicated that traffic was heavy at the time, and that automobiles were parked on both sides of Overland Street, and that the trailer-truck was being driven very slowly while attempting to pass plaintiff's automobile. The right rear tire of the trailer-truck came in contact with the rear of the plaintiff's automobile.

The Court found as a fact that the plaintiff's automobile was double-parked on Overland Street, a public street, in violation of the law, *but found that its position in the street was neither a contributing cause of the accident, nor prevented the trailer-truck from passing safely,* and further found that the defendant operator did not use due care in acting as he did.

Judicial notice was taken by the Court of Traffic Rules and Regulations of the Boston Traffic Commission (1949 — as amended to November 1, 1954) Article IV, Section 1, (1), (3), (4), (9), and (11), the pertinent provisions of which forbade the parking of a vehicle in the place and position in which the plaintiff's automobile was parked at the time of the accident (except in certain instances not relevant here). On the plaintiff's own admissions he had parked his automobile less than the legal distance from Brookline Avenue as well as double-parking it.

The Court refused to grant the defendants' requests for rulings No. 1 and No. 2 that upon all the evidence and the law, the finding should be for the defendants. These requests were properly denied as they cannot be allowed as a matter of law where there is conflicting evidence. *Evans v. Middlesex*

*County*, 209 Mass. 474; *Whittaker v. Eastern States Engineering Corporation*, 269 Mass. 451.

■ Defendants' request No. 9 that the Court rule that "where the operator of a trailer truck uses all his skill and experience in attempting to pass a car double parked in violation of the law, recovery by the party so double-parked is barred", was properly refused as it does not state the required standard of conduct, which is not the use of all the operator's skill and experience, but what the ordinary prudent person should do in the circumstances, *Scannell v. Boston El. Ry.*, 176 Mass. 170. To adopt the defendants' contention would result in a rule of conduct varying from person to person according to the skill and experience of each.

The test here was whether the ordinary prudent person would have attempted to pass the plaintiff's automobile with a vehicle the size of the trailer-truck. The trial court was best fitted to determine the question from the evidence in the light of all the circumstances, and his finding that the defendant operator was not in the exercise of due care must stand unless clearly wrong. *Barttro v. Watertown Square Theatre, Inc.*, 309 Mass. 223.

The same rule of conduct required the denial of defendants' request for ruling No. 11 which is predicated on the supposition that "making every effort" to avoid an accident is equivalent to the use of due care.

■ We have left for the last the denial of defendants' request No. 6 which is "Double parking is contributory negligence and bars recovery in the absence of showing gross negligence on the part of the defendant", and No. 7, which is "Double parking creates a nuisance on the highway and bars recovery by the party creating such nuisance".

The Court having found as a fact that there was no gross negligence, we proceed directly to the question whether the plaintiff's action in unlawfully

double parking his automobile in the particular place and circumstances here present was as a matter of law a contributing cause of the accident, thereby barring recovery by him.

The defendants argue forcefully that the public regulations which forbade the plaintiff to double-park his automobile in the manner he did were made to facilitate the use of public ways, to keep them safe for travel, and to prevent persons from usurping the streets to their own uses to the detriment of the public.

That the law concurs with these contentions is evident from the long established rule that violation of such laws must be considered by the Court as evidence of negligence on the part of the violator. *Foschia v. First National Stores,* 290 Mass. 90; *Falk v. Finkelman,* 268 Mass. 524. But such evidence must be weighed, against the plaintiff here, together with, and in relation to, all the other evidence bearing upon the cause or causes of the accident, and the negligence contributing thereto.

The determination of the question whether the violation was a cause, or condition, of the accident is primarily the function of the trial court, and as it is as much a question of fact to be determined from the evidence, as it is a question of law, the Court's finding that it was a condition only must be upheld as we have stated above, unless clearly wrong as a matter of law. *Barttro v. Watertown Square Theatre, Inc.,* 309 Mass. 223.

The plaintiff's automobile had been in its unlawful position for several minutes; it was clearly visible to the defendant operator; it was possible, if difficult, to pass by it with a vehicle such as the defendant operator was driving. It therefore cannot be said as a matter of law that in the circumstances the plaintiff's violation of the regulations was in itself a cause of the accident, and constituted contributory negligence on the plaintiff's part.

That the plaintiff by his violation of law was impeding the trailer-truck's progress, and was making it difficult, or, even impossible, except at the risk of causing an accident, for the trailer-truck to reach its destination, or would cause it to be delayed unless a chance was taken, cannot alter the fact that the accident need not have occurred if the defendant operator, who was aware of all the circumstances, had not taken it upon himself to attempt to pass.

Nor can it be said that the plaintiff might have anticipated such a result, as he was entitled to assume that others would pass by his vehicle without striking it, granting that he could or should have foreseen that by his conduct he was bound to cause serious inconvenience to others.

*The report therefore must be dismissed.*

Max S. Ficksman, George B. Rubin, for the plaintiff.

Francis E. Sullivan, Samuel E. Riaf, for the defendant